# Wytheville.

## Reusch v. Roanoke Cold Storage Co.

### June 20, 1895.

1. Libel—*Declaration—Evidence—Special Damage—Privileged Communication—Malice.*—In an action for libel, under section 2897 of the Code, where no special damage is claimed except from loss of customers, no proof can be received of the loss of any customers except those mentioned in the declaration. Where the supposed libel is the publication of a privileged communication, the question of malice should be submitted to the jury.

2. Libel—*Corporation—Admission—Res Gestæ.*—In an action for libel against a corporation, the admissions of the general manager of the corporation, made weeks after the publication of the supposed libel, constitute no part of the *res gestæ*, and cannot be given in evidence against the corporation.

3. Instructions—*Evidence.*—Instructions should not be given when there is no evidence on which to base them.

Error to a judgment of the Circuit Court of Roanoke city, Va., in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

This is an action for libel in writing the letter set out in the opinion of the court. The defendant demurred to the declaration, and the demurrer was overruled, and thereupon the defendant pleaded "not guilty" and "justification."

Upon these pleas issue was joined, and there was a verdict and judgment for the defendant. On the trial the following instructions were given by the court at the instance of the defendant, and against the objection of the plaintiff:

"1. The court instructs the jury that the letter signed by Herman Crueger, dated November 21, 1891, mentioned in the declaration, was a privileged communication by the defendant for the protection of its own business, and as such the defendant company is not liable in this action; and whether the statements therein contained were true or not, if the jury believes from the evidence that Herman Crueger, as president of said company, acted with malice in writing and sending said letter to the Virginia Company, and for the purpose of collecting the debt therein mentioned, believing the language to be true, then they must find for the defendant.

"2. The court further instructs the jury that the letter in question, being a privileged communication, malice will not be inferred from its publication by the defendant, but it is incumbent on the plaintiff to prove that the defendant company was actuated by malice against the plaintiff in writing and sending the same to the 'Virginia Company.' "

*Wright & Hoge*, for the plaintiff in error.

*Penn & Cocke*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This is an action for libel under the statute which is set forth in the Code in section 2897. The following letter constituted the basis of said action:

"To the Virginia Company:

You are hereby notified to hold out of any funds due by you to Mr. N. Reusch, of Roanoke, the sum of $312.60,

being the amount due by him to the Roanoke Cold Storage Company for meat furnished to you. This was furnished on the faith of receiving the money from you, and upon your assurance that your company would see it paid, hence you are notified, as a protection to yourself, not to pay the sum over to any one but this company.

(Signed)          Roanoke Cold Storage Company,

By Herman Crueger, President.

Roanoke, Va., Nov. 21, 1891.''

It appears from the record that the plaintiff in error, N. Reusch, was a butcher in the city of Roanoke, and furnished the Hotel Roanoke, which was owned by the Virginia Company, with meats, and that he procured the meats thus furnished from the Roanoke Cold Storage Company.

The declaration charges that the defendant wrote and published the letter referred to, falsely, maliciously, and with the intention to insult the said plaintiff; that the words used were scandalous, malicious, defamatory, and insulting, and from their common acceptation are construed as insults, and tend to violence and a breach of the peace; and that by the means thereof he has been greatly injured and damaged in his own good name, fame, and credit, and brought into public scandal, infamy, and disgrace with and amongst his neighbors, insomuch that those who formerly dealt with him refuse to have any further business transactions with him.

If any special damage is claimed in the declaration it is for loss of customers. There is no person mentioned in the declaration whose custom the plaintiff has lost; and there can be no proof received except as to those named in the declaration. Newell on Libel, p. 780, sec. 26. There is no evidence, however, in the record, showing any loss of customers by the plaintiff, nor is there evidence tending to sustain the sweeping charge of wrong and injury alleged to have been suffered by him. The court below properly held that the letter com-

plained of was a privileged communication, and properly sub-
mitted to the jury the question whether the defendant had
been guilty of malice in its publication. The verdict returned
was for the defendant. There is no legal evidence in the
record to suggest malice in publishing this letter. The only
testimony on the subject is that of Mr. Herman Crueger, the
president of the Roanoke Cold Storage Company, who says
that he hardly knew the plaintiff personally and did not then
have, and never had, any ill will against him, and that he
had no purpose in writing the letter but to collect the money
he believed to be due the company.

The plaintiff assigns as error that the court below excluded
from the consideration of the jury the testimony of John H.
Wright. This witness testified that, several weeks after the
letter was written, he had a conversation with H. D. Coyner,
the general manager of the defendant company, in which said
Coyner admitted that his company had no right to stop the
plaintiff's money in the hands of the Virginia Company, and
that the purpose in writing the letter was to cause the Hotel
Roanoke to stop dealing with Reusch. This evidence was
hearsay, and properly excluded. If these alleged admissions
were true and properly proven, it could not be considered as
evidence against the defendant company, because they were
made several weeks after the letter complained of was written,
and such evidence to be admissible, must form part of the *res
gestœ*. *Va. & Tenn. R. R. Co.* v. *Sayers*, 26 Gratt. 328.
A further assignment of error is the refusal of the court to
give five instructions offered by the plaintiff. There was no
evidence upon which to base the instructions asked for, and
they were properly refused. The two instructions given by
the court correctly expounded the law of the case, and were all
it was proper to give. The defendant in the court below de-
murred to the declaration, and the demurrer was overruled.
It is insisted that this was error. This raises the question of

the right to hold a corporation responsible for libel under our statute, as at common law, for the reason that a corporation cannot be guilty of the offence for which this statute is intended to afford a remedy. The view already taken of this case makes it unnecessary to consider this question.

There is no merit in the case presented by the plaintiff in error, and the judgment of the Circuit Court is affirmed.

AFFIRMED.