Richmond.

WASHINGTON, ALEXANDRIA & MT. VERNON ELECTRIC
RAILWAY CO. v. QUAYLE.

MARCH 31, 1898.

Absent, Cardwell, J.

1. EVIDENCE—*Objection to Questions—Competency of Evidence—Form of Questions.*—An objection to a question on the ground that the evidence sought to be elicited is incompetent is properly overruled where the evidence is competent, though the question is leading. The objection should have been to the form of the question so as to apprise opposing counsel of the necessity of asking a proper question.

2. RAILROADS—*Trespassers on Cars—Wanton Injury.*—A railroad company is liable for the resulting injuries to an infant trespasser who is compelled by the servants of the company to jump from one of its trains while running at a high rate of speed. The law does not permit wanton or reckless injury to be inflicted even on a trespasser.

3. INSTRUCTIONS—*Construed as a Whole—Defective Instructions—How Cured.*—Instructions are to be construed as a whole. An incomplete statement of the law in one instruction may be cured by a complete statement of it in another, if when the two are read and considered together the court can see that the jury could not have been misled by the incomplete instruction.

4. CONTRIBUTORY NEGLIGENCE OF INFANTS—*Age and Intelligence to be Considered.*—In considering how far an infant has been guilty of contributory negligence it is proper for the jury to consider the age, experience and understanding of the infant.

5. INSTRUCTIONS—*City Ordinance Against Fast Running of Cars on All Streets—Instruction Confined to Scene of Injury—Case at Bar.*—Although a city ordinance is general, and forbids the running of cars faster than six miles an hour on any of the streets, it is not error to instruct the jury that the ordinance forbids the defendant running its cars beyond the specified rate on the street on which the injury was inflicted, which is the basis of the suit. In the case

at bar the instructions, taken as a whole, fairly submitted to the jury the issues raised by the pleadings, and substantially state the law applicable to the case so that the jury could not have been misled, nor the defendant prejudiced thereby.

Error to a judgment of the Corporation Court of the city of Alexandria, rendered October 29, 1896, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*J. R. Caton* and *Hamilton & Colbert,* for the plaintiff in error.

*Samuel G. Brent* and *Edmund Burke,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

Charles Edward Quayle, an infant thirteen years of age, by his next friend, instituted this action to recover damages for injuries alleged to have been sustained by him in consequence of the careless and negligent conduct of the plaintiff in error in operating and running its electric cars through the streets of the city of Alexandria.

There was a judgment in favor of the plaintiff which we are now asked to review.

The material facts which the record tends to establish are that Charles S. Jones, an employee of the plaintiff in error, acting in the double capacity of motorman and conductor, was alone in charge of one passenger car and two gondola freight cars being propelled along Fairfax street; that the defendant in error, together with other boys, got upon the cars to ride; that

Jones, in violation of the city ordinance, increased the speed of the cars to the rate of ten or twelve miles an hour, and with the speed thus increased, commanded the defendant in error, in an angry and threatening manner to get off the car; that being greatly frightened by the angry tone of this order, and acting under its influence, the defendant in error jumped from the car, falling upon his face, with his leg under the wheels of the gondola, where it was run over and so badly injured, that it had to be amputated.

In the progress of the trial the plaintiff was asked the following question: "Would you have jumped off, if he had not ordered you off?" Counsel for defendant in error objected to the question as *incompetent,* and the objection was overruled. This action of the court constitutes the first assignment of error.

The question was leading and therefore objectionable in form. The evidence sought to be adduced was perfectly competent if brought out by a proper question. It was therefore the duty of counsel to direct his objection to the form of the question so as to give the opposite party an opportunity to bring out the evidence by a question free from objection. To object upon the ground that the question was incompetent, was calculated to mislead the opposite party and the court. It further appears that the evidence brought out by this question had been fully laid before the jury before the question complained of was asked, and therefore the plaintiff in error was not prejudiced by the objectionable form of the question.

The plaintiff in error asked for the following instructions:

No. 1. "If the jury believe from the evidence that the plaintiff, at the time of the injury, was possessed of the intelligence, ability, and capacity to know the danger of jumping on, and jumping off the said car while in motion, and that the plaintiff had been frequently warned by the grandfather and otherwise, against jumping on and jumping off the cars of the defendant, and if the jury further believe that the plaintiff, at the time of the injury, was not upon the said car as a passenger

with the consent of the defendant, then the plaintiff was a trespasser and cannot recover in this action."

No. 2. "The jury are instructed that if they believe from the evidence, the plaintiff was twelve years of age, and had been frequently warned against jumping on and off the cars of the defendant, and that at the time of the injury, he was a trespasser upon the car of the defendant, and that he jumped from said car while the same was in motion, and was thereby injured, then they must find for the defendant."

No. 3. "The jury are instructed, that although they may believe from the evidence that the motorman called to the plaintiff and his companions to get off the car, yet to entitle the plaintiff to recover in this action, the jury must believe that said call of the motorman was of such a threatening character as to justify the belief in the mind of the plaintiff that the motorman intended to do him bodily harm or to eject him from the said car while it was in motion, and that the plaintiff, through fear of such threat, jumped from the car and was injured, and the jury must further believe that it was within the scope and duty of said motorman to order the plaintiff to get off of said car."

No. 4. "The jury are instructed that although they may find from the evidence that at the time of the accident to the plaintiff defendant's train was running at a greater rate of speed than five miles an hour, that would not justify a recovery in this case in favor of the plaintiff, unless the jury further find that the plaintiff, by reason of the threatening language of the motorman, had reasonable ground for believing that the motorman intended to inflict physical violence upon the plaintiff, or to eject him from the car, or to terrorize the plaintiff so as to compel him against his will to jump from the car."

The court refused instructions Nos. 1 and 2, and gave Nos. 3 and 4 modified as follows:

No. 3. "The jury are instructed that although they may believe from the evidence that the motorman called to the plain-

tiff and his companions to get off the car; yet to entitle the plaintiff to recover in this action, the jury must believe that said call of the motorman was of such a threatening character as to justify the belief in the mind of the plaintiff, *taking into consideration his age,* that the motorman intended to do him bodily harm, or to eject him from the said car while it was in motion, and the plaintiff, through fear of such threat, jumped from the car and was injured, and that the jury must further believe that it was within the scope of the duty of said motorman to order the plaintiff to get off of said car."

No. 4. "The jury are instructed that although they may find from the evidence that at the time of the accident to the plaintiff defendant's train was running at a greater rate of speed than five miles an hour, that would not justify a recovery in this case in favor of the plaintiff, unless the jury further find that the plaintiff, *taking into consideration his age and experience and understanding,* by reason of the threatening language of the motorman, had reasonable ground for believing that the motorman intended to inflict physical violence upon the plaintiff, or to eject him from the car, or so terrorized the plaintiff as to compel him, against his will, to jump from the car."

This action of the court refusing to give instructions Nos. 1 and 2, and modifying Nos. 3 and 4, constitutes the second and third assignments of error.

The two instructions refused, told the jury that if they believe from the evidence the plaintiff was a trespasser, he could not recover, and they must find for the defendant. This position is not sound, and the instructions were therefore properly rejected. The law in its humanity does not permit wanton or reckless injury to be inflicted even upon a wrong-doer. Granting that the defendant in error was a trespasser, the plaintiff in error had no right to put him in a position of peril by increasing the speed of the train to an unlawful and dangerous rate, and under such circumstances to require him to jump from the train. On the contrary, it was the duty of the plaintiff in error to have

reduced the rate of speed to an extent that would have enabled the defendant in error to leave the train with safety.

The modification of instructions Nos. 3 and 4 is free from objection. It was proper that the jury should consider the age, experience and understanding of the defendant in error, in determining how far he was responsible for his misfortune. It is objected, however, that under instruction No. 3 the jury were confined in their deliberations to the consideration of the plaintiff's age, whereas they should have taken into consideration also his intelligence, capacity, and ability to know the danger and to avoid it. This was not a complete statement of the law of the case, but instruction No. 4 for the defendant, and the instructions for the plaintiff cure the defect, the jury being there told to take into consideration the plaintiff's age, experience, and understanding. Instruction No. 2 given for the plaintiff is directed particularly to this subject, the jury being there told that the caution required of a child is according to his maturity and capacity wholly, and that it is to be determined by the circumstances of the case, and the evidence before them. Instructions must be construed as a whole. An incomplete statement of the law in one instruction may be cured by a complete statement of the law in another, if, when the two are read and considered together, the court can see that the jury could not have been misled by the incomplete instruction.

At the instance of the plaintiff the following instructions were given:

No. 1. "The court further instructs the jury that the ordinances of the city of Alexandria require that no engine or car shall be drawn or propelled by the defendant company over its railway tracks on Fairfax street, within the corporation limits of the city, at a rate of speed exceeding five miles per hour, and if the jury shall believe from the evidence that the plaintiff was riding upon the defendant's car on the day of the injury, which was being propelled or drawn at a greater rate of speed than five miles per hour within the limits of said city, to-wit: from ten

to twelve miles an hour, and whilst said car was being so drawn and propelled by the defendant, the plaintiff was ordered by the defendant's motorman or conductor in charge of the train to get off said car, and thereby frightened or intimidated the plaintiff to such an extent as to cause him to jump from the car while running at the unlawful rate of speed aforesaid, and that the plaintiff's injury was caused by the order of the defendant's agent, and the speed of the car, they shall find for the plaintiff, provided they believe from the evidence that the plaintiff exercised such a degree of care and caution as under the circumstances might reasonably be expected from one of his age and intelligence."

No. 2. "The court doth further instruct the jury that the conduct of an infant is not of necessity to be judged by the same rule which governs that of an adult. That while it is the general rule in regard to an adult or grown person, that to entitle him to recover damages for any injury resulting from the fault or negligence of another, he must have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to his maturity and capacity wholly, and this is to be determined by the circumstances of the case, and the evidence before the jury."

No. 3. "The court further instructs the jury that if they shall believe from the evidence that the plaintiff was injured by jumping from a moving train of the defendant whilst being propelled through the streets of the city of Alexandria, at the unlawful rate of speed of from ten to twelve miles per hour, and that the plaintiff's act of jumping from the train was caused by the orders of the defendant's motorman or conductor, in charge of the train, then they may find for the plaintiff, provided the jury shall believe that the plaintiff, by reason of his age and want of judgment and discretion, was unable to exercise sufficient care and caution to resist the orders of the defendant's said motorman."

No. 4. "The jury are further instructed by the court, that if

the plaintiff, at the time of the injury, was a child of tender age of thirteen years, and was riding upon the defendant's car, in the city of Alexandria, whilst the same was travelling at a fast rate of speed, that it was the duty of the defendant's motorman in charge of said train to have reduced the speed of said train before ordering the plaintiff to leave the same, to such a rate of speed as the plaintiff might depart from the train with safety, notwithstanding the jury may believe that the plaintiff was at the time a trespasser upon the defendant's car."

No. 5. "The jury are further instructed by the court, that if the defendant relies upon the contributory negligence of the plaintiff to defeat the plaintiff's action, the burden of proving such contributory negligence rests on the defendant, and it will not avail the defendant, unless it has been established by preponderance of the evidence."

No. 6. "The jury are further instructed by the court, that if they believe from the evidence that the defendant company is liable in this action, then in estimating said damages they should take into account the bodily injury, if any, sustained by the plaintiff; the pain undergone, the effects on the health of the sufferer according to its degree and its probable duration as being temporary or permanent, and the pecuniary loss sustained by the plaintiff, through his inability to attend to his business affairs after his arrival at the age of twenty-one years."

Giving these instructions over the objection of the plaintiff in error constitutes the fourth assignment of error.

It is claimed that instruction No. 1 is misleading because it states that the ordinances of the city of Alexandria require that no engine or car shall be drawn or propelled over its railway tracks on Fairfax street at a rate of speed exceeding five miles per hour. It is contended that the ordinance is a general one, applying alike to all the streets and to all persons running engines, cars, or vehicles, and that the instruction was calculated to impress upon the minds of the jury that there was a specific ordinance bearing upon the defendant and the operation of its

cars on Fairfax street. The accident happened on Fairfax street, and the question under consideration was the negligence of the company in propelling its cars on that street, and the law being general, and applicable alike to each street, there was no objection to telling the jury that the ordinance forbade the plaintiff in error to run its cars on Fairfax street at a greater rate of speed than five miles per hour.

Instruction No. 4 is objected to upon the ground that it assumes that the motorman knew the plaintiff was on the car and ordered him off. This instruction is not as full in the particular mentioned as it should have been, but its defect is amply supplied by instruction No. 1 for the plaintiff, where the jury are told that if they believe from the evidence that the plaintiff was riding upon the defendant's car, on the day of the injury, being propelled at the rate of ten or twelve miles per hour, and whilst said car was being so propelled the plaintiff was ordered by the defendant's motorman or conductor in charge of the train to get off said car, and thereby frightened or intimidated the plaintiff to such an extent as to cause him to jump from the car while running at the unlawful rate of speed aforesaid, and that the plaintiff's injury was caused by the order of the defendant's agent, and the speed of the car, they shall find for the plaintiff, provided they believe from the evidence that the plaintiff exercised such a degree of care and caution as under the circumstances might reasonably be expected from one of his age and intelligence.

There are other objections to these instructions, made in the petition, but not pressed in argument, which cannot be sustained. It is therefore unnecessary to prolong this opinion by discussing them further in detail.

Without approving said instructions in every particular, it is sufficient to say that taken as a whole they fairly submit to the jury the issues raised by the pleading and evidence, and substantially state the law applicable to the case, so that the jury could not have been misled, or the plaintiff in error prejudiced by them.

The whole case having been fairly submitted to the jury, there was no error in the refusal of the court to set aside the verdict as contrary to the law and the evidence.

For these reasons the judgment is affirmed.

*Affirmed.*