### Wytheville.

## SUN LIFE ASSURANCE CO. OF CANADA V. BAILEY.

### June 11, 1903.

1. LIBEL—*Publication—Dictation to Stenographer—Declaration.*—In an action of libel based upon a letter mailed by the defendant to and received by the plaintiff, an allegation in the declaration that the defendant, through its agents, did publish and cause to be published "a certain false, scandalous, malicious and defamatory libel by means of a letter" mailed by defendant's agents to and received by the plaintiff, containing the defamatory matter, is a sufficient allegation of the publication of the libel. The publication may have been before or after mailing the letter, by dictation to a stenographer, or by otherwise making known the contents of the letter to others.

2. LIBEL—*Common Law and Statutory—Blending in One Court.*—Common law libel and an action for insulting words under the statute cannot be blended in one count of a declaration, but where it satisfactorily appears that a count was intended to be a count under the statute it will be upheld, because a publication containing insulting words may be declared on under the statute, although libelous at common law.

3. LIBEL—*Liability of Corporations.*—A corporation is responsible for the publication of a libel, or of insulting words under the statute, by its agent acting within the scope of his employment, and in the course of the business of the corporation.

4. EVIDENCE—*Relevancy—Libel—Publication.*—In an action for libel published by letter, evidence of publication in a newspaper of matter having no connection with or relation to the letter, and for which the defendant is in no wise responsible, is not admissible.

5. INSTRUCTIONS—*Stating Complete Case—Erroneous Statement—Case at Bar.*—Where the court undertakes to state a case upon which the plaintiff should recover, it must state a complete case, and embrace all the elements necessary to support a verdict, but an incomplete statement of the law in one instruction may be cured by a complete

statement in another, if when the two are read together the court can see that the jury could not have been misled by the incomplete instruction. In the case at bar an instruction made malice alone the criterion of the right of the plaintiff to recover in libel, and wholly left out of view the question of *publication* which is an essential element of libel.

6. Instructions—*Substitution for Correct Instruction.*—While there may be practically no material difference between an instruction asked and one given by the court, yet if an instruction offered clearly and distinctly states the law on a phase of the case not covered by other instructions it should be given.

7. Libel—*Publication by Agent—Want of Authority—Ratification—Measure of Damages.*—In an action against a corporation to recover damages for the publication by its agent of a libel of the plaintiff, where it appears that the publication was not previously authorized nor subsequently ratified by the defendant, the plaintiff can only recover actual or compensatory damages, and it is error to instruct the jury that, in ascertaining the damages, they may consider the standing of the plaintiff and of the defendant.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered January 7, 1902, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*B. Rand. Wellford* and *J. C. Taylor*, for the plaintiff.

*Hill Montague*, for the defendant in error.

Cardwell, J., delivered the opinion of the court.

The defendant in error brought his action for defamation against the Sun Life Assurance Company of Canada, and recovered a judgment for $750 damages. The declaration contains two counts, the first of which is a count for libel at common law, and the second for insulting words under the statute. To the declaration, and to each count thereof, plaintiff in error

demurred, the demurrer was overruled, and this ruling of the trial court constitutes the first assignment of error.

The ground relied on in the demurrer to the first count is that it does not sufficiently allege publication of the libel. Omitting the formal part of the declaration, the wrong alleged in the first count is set out as follows: "Falsely, wickedly, and maliciously did compose, publish, by and through its agents, Foster & Bartow, who were at the time managers of the defendant's insurance business for the city of Richmond and State of Virginia, and acting within the scope and course of the business in which said agents were employed, caused to be published of and concerning the said plaintiff, a certain false, scandalous, malicious, and defamatory libel, by means of a letter dated March 7, 1901, mailed by said agents to, and received by, said plaintiff, containing the false, scandalous,. malicious, defamatory, and libelous matter following." This is followed by the letter on which the action is based, and the usual allegations concluding a common law count for libel or slander.

"A declaration which sets out the plaintiff's cause of action with sufficient fullness and clearness to apprise the defendant of the grounds of the plaintiff's claim, and to enable the defendant to plead to the action, is sufficient." *Guarantee Co.* v. *National Bank*, 95 Va. 480, 28 S. E. 909.

It is true that the first count of the declaration in this case sets out that the libel complained of consisted of a letter mailed to the plaintiff, but there is also the allegation that there was, by the defendant, a publication of the matter contained in the letter, which might have been before or after the mailing of the letter, either by dictation of it to a stenographer, having it written out on a typewriter, and subsequently signing it by the author, or by making the contents of the letter known to others either before or after it was mailed, or in a number of other ways. *Gambrill* v. *Schooley* (Md.), 48 Atl. 730, 52 L. R. A. 87, 86 Am. St. Rep. 414; *Adams* v. *Lawson*, 17 Gratt. 250, 94 Am.

Dec. 455. It is undoubtedly well-recognized law that the sending of a letter through the mail is not a publication, as the sender is not responsible for what the recipient does with the letter after it is received. Odgers on L. & S. 151, and cases cited. But where the libelous letter is set out in the declaration, accompanied by the allegation that the defendant made publication of it, we think that this sufficiency apprises the defendant of the plaintiff's claim to enable him to plead to the action.

We are further of opinion that the court did not err in overruling the demurrer to the second count. The count, as we have observed, is for insulting words under the statute; and the first objection made to it is that it blends or mingles in one count a common law libel and an action for insulting words. That this cannot be done is well settled. *Payne* v. *Tancil,* 98 Va. 262, 35 S. E. 725. It was, however, held in that case that where the count satisfactorily shows that it was intended to be a count under the statute for insulting words, and not for common law defamation, it is good, because a publication containing insulting words may be declared on under the statute, although it is libelous at common law. We do not see that the second count leaves any room for doubt that it was intended to be a count under the statute for insulting words, and not for common law defamation.

The second objection made to this count is that it is an action against a corporation, and that such an action will not lie. This question was raised in this court for the first time, it would seem, in *Reusch* v. *Roanoke, &c. Co.,* 91 Va. 534, 22 S. E. 358, but it was deemed unnecessary to pass upon it.

That a corporation may be held responsible in an action for the publication of a libel is no longer an open question in the United States courts. *Washington Gas-Light Co.* v. *Lansden,* 172 U. S. 534, 19 Sup. Ct. 296, 43 L.. Ed. 543. In *Brown* v. *N. & W. Ry. Co.,* 100 Va. 619, 42 S. E. 664, recently decided by this court, which was an action for the publication of

an alleged libel, the learned counsel representing the defendant did not interpose the defence that such an action would not lie against a corporation.

In a number of cases this court has, following the rules of construction provided by statute (now Chapter 2 of the Code of 1887, and especially the thirteenth sub-division of section 5 of the chapter), construed the word "person," in a statute, to include corporations as well as natural persons for civil purposes. *City of Lynchburg .v. N. & W. Ry. Co.*, 80 Va. 243, 56 Am. Rep. 592, and cases cited.

Now that corporations are allowed by law to transact practically every business that may be carried on by an individual, and may be held responsible, as is well settled, in an action for the publication of a libel by or through their agents, we can see no good reason why they should not be held liable in an action under the statute for insulting words uttered or published by an agent acting within the scope of his employment, and in the course of the business of the corporation.

In *Railroad Company* v. *Quigley*, 21 How. 202, 16 L. Ed. 73, the opinion by Campbell, J., says: "That for acts done by the agents of a corporation, either in *contractu* or in *delicto*, in the course of its business and of their employment, the corporation is responsible as an individual is responsible under similar circumstances."

. At the trial of this cause, defendant in error (plaintiff below) introduced in evidence without objection by plaintiff in error, an article published in the *Prospect*, a newspaper published in Richmond, Va., and Atlanta, Ga., and subsequently introduced S. H. Pulliam as a witness, who was asked, over the objection of plaintiff in error, whether the article in the *Prospect* altered his opinion of the defendant in error, to which the witness replied, "Why, yes; I thought that was something against him." Then followed other questions to and answers by the witness touching the article in the *Prospect*, and to all of which plaintiff in error strenuously objected.

While plaintiff in error made no objection to this newspaper article being read to the jury, regarding it as having no relevancy to the case, as the libel set out in the declaration had nothing whatever to do with the article in question, or connection with it, when it came to the examination of the witness Pulliam as to the effect the article had upon his opinion of the defendant in error, very naturally objection was made to the admission of this evidence, and it was clearly error to admit it; no evidence whatever having been introduced to show or tending to show that the plaintiff in error was responsible for the publication of the newspaper article.

The question raised by the second bill of exception was waived on the oral argument here.

The third is to the granting of instructions asked by the defendant in error, the refusal of the court to grant instructions asked by the plaintiff in error, and to the giving of instructions by the court in lieu of others asked.

Defendant in error's third instruction is as follows:

"The court instructs the jury that 'malice,' in a legal sense, means any wrongful act done wilfully or purposely; and the jury are instructed that if they believe from the evidence that Foster & Bartow, the managers of the defendant's business in the State of Virginia, wrote the letter charged in the declaration within the scope of their employment, and said letter was libelous, intentionally, without any just cause, the jury will infer malice therefrom, and must find for the plaintiff."

We do not think that this instruction, as plaintiff in error contends, took from the jury the privilege of saying whether the letter was libelous or not, and told them they must ·infer malice if they believed it (the letter) was written intentionally and without any just cause, etc.; but, clearly, the instruction makes malice alone the criterion of the right of recovery, leaving wholly out of view the question of publication—an essential element of a libelous defamation.

Where the court undertakes to state a case upon which the plaintiff should recover, it must state a complete case, and embrace all the elements necessary to 'support a verdict. It is true that an incomplete statement of the law in one instruction may be cured by a complete statement of it in another, if, when the two are read and considered together, the court can see that the jury could not have been misled by the incomplete instruction. *Washington, &c. Ry. Co.* v. *Quayle*, 95 Va. 741, 30 S. E. 391. But that is not the case here. The defect in the instruction under consideration is not cured by a complete statement of the law in another instruction. Therefore, we cannot say that the jury could not have been misled by the incomplete instruction.

The refusal to give plaintiff in error's instruction number 2, and the giving of instruction "c" in lieu thereof, is assigned as error.

It was sought by instruction No. 2 to have the jury told that if they believed from the evidence that the duty of the author of the letter, Mr. Bartow, as an agent of the defendant company (plaintiff in error), did not require or authorize him to write the letter sued on, but that it was his personal act, outside of the scope of his duty to the defendant, and written because he felt angered and aggrieved at what he conceived to be the bad treatment of him by the plaintiff, they should find for the defendant; and instruction "c," given in lieu of that instruction, is as follows:

"If the jury believe from the evidence that the letter sued on was the personal act of Mr. Bartow, and outside of the scope of his duties as agent of the defendant, and written by him because he felt angered and aggrieved at what he conceived to be the bad treatment of him by the plaintiff, they must find for the defendant."

While there is practically no very material difference in the two instructions, the instruction No. 2, as asked, more clearly,

we think, drew the distinction between the circumstances under which a corporation is liable for the acts of its agent, and those under which it is not liable. It explained the meaning of the term "scope," as used in the preceding instruction, by telling the jury that the defendant was not liable unless the duty of Mr. Bartow either required or authorized the writing of the letter sued on; and, as this ground was not covered by any other instruction, the instruction No. 2 should have been given as asked.

The court gave in lieu of instruction "a" asked for by the defendant in error (plaintiff below) the following:

"The jury are instructed that it is not incumbent upon the plaintiff to prove any special damages, and, if they find for the plaintiff, they shall find such damages as they think he is entitled to under all the circumstances as shown in the evidence. And in ascertaining the damages, they may consider the plaintiff's standing, and that of the defendant."

The court had properly in another instruction told the jury that this action being against the defendant corporation, of which the writer of the letter sued on was the agent, they could not give punitive or exemplary damages unless they believed from the evidence that the alleged libel of the agent was either authorized by the defendant, or was subsequently ratified by it; and there being no evidence whatever tending to show that the defendant (plaintiff in error) either authorized or ratified the act of Bartow in writing and mailing the letter sued on, but, on the contrary, the evidence being distinct and uncontradicted that the company's chief officers knew nothing of the writing of the letter until the institution of this suit, it was clearly erroneous to tell the jury that, in ascertaining the damages they might allow the plaintiff, the standing of the defendant company might be considered.

Whatever might have been the standing of the defendant, as disclosed by the evidence, it had nothing whatever to do with

the question as to what actual or compensatory damages, if any, the plaintiff was entitled to recover.   *N. & W. Ry. Co.* v. *Lipscomb,* 90 Va. 137, 17 S. E. 809, 20 L. R. A. 817; *N. & W. Ry. Co.* v. *Neely,* 91 Va. 539, 22 S. E. 367; *Lakeshore Ry. Co.* v. *Prentice,* 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97.

As the case, for the reasons stated, has to be remanded for a new trial, we deem it inexpedient to express any opinion upon the evidence, except as we have found it necessary to do so in passing upon the instructions given and refused.

The judgment of the court below must be reversed, and the cause remanded for a new trial to be had in accordance with the views herein expressed.

*Reversed.*