Syllabus.

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### WILKINS V. HENDERSON.

June 13, 1918.

1. INSTRUCTIONS—*Evidence to Support.*—In a statutory proceeding to ascertain the true boundary line between the lands of the plaintiff and the defendant, the evidence showed that the land in controversy was in timber, so overgrown with underbrush that one could not see through it, and that the location of the line could only be fixed by a survey. There was no evidence that it was in any way improved or cultivated, and the only acts of ownership alleged were the occasional cutting of trees and raking of shatters. No instruction was given as to the effect of these alleged acts of ownership, but the court instructed the jury that if the defendant "entered upon the land in controversy, improving and cultivating a part and claiming title to the whole, she was in actual possession of the whole land within her boundaries and what is the whole is to be determined by the limits, owned or claimed."

   *Held:* That as there was no other evidence even tending to support the instruction given the instruction was misleading, without evidence to support it, and constituted error to the prejudice of the plaintiff.

2. INSTRUCTIONS—*Must be Complete—Directing Verdict—Partial View of the Evidence.*—It is error to give an instruction directing a finding for the plaintiff or the defendant on an incomplete or partial view of the evidence.

3. INSTRUCTIONS—*Must be Complete—Directing Verdict—Partial View of the Evidence—Case at Bar.*—In the instant case, the defendant relied upon two defenses: First, that the land in controversy was within the boundaries called for by her deed, and, second, that if not within such boundaries, the defendant had acquired title by adverse possession. Two instructions were tendered by the plaintiff and rejected by the court. Each of the instructions asked was applicable solely to the defense of title by adverse possession, and, although the land in controversy may have been within the boundaries of the defendant's deed, and passed to her by her deed, yet each of these instructions directed a verdict in favor of the plaintiff.

The land in controversy was a parcel of a large tract, much of which was arable land, and had been in the possession of the defendant for a long number of years. The defendant entered into possession of a part of the tract, claiming title to the whole, according to the boundaries claimed in her deed, thus extending her possession to the entire tract, including the land in controversy, if it was within her boundary. As the plaintiff did not claim title by adverse possession, the defendant was entitled under the evidence to a verdict in her favor if the land in controversy was within the calls of her deed, and yet, each of the instructions directed a finding for the plaintiff unless defendant established her claim of title by adverse possession.

*Held:* That this was manifest error, and justified the court in refusing to grant the instructions.

4. NEW TRIAL—*Verdict Contrary to the Evidence—Conflicting Evidence.*—In a statutory proceeding to ascertain the true boundary of lands where the evidence on the subject of the location of the boundary was conflicting, the court was without power to set aside the verdict as contrary to the evidence.

Error to a judgment of the Circuit Court of Northampton county, in a statutory proceedings to ascertain the boundary of land. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Stanley Scott,* for the plaintiff in error.

*John E. Nottingham, Jr.,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This is a proceeding under the statute (Acts 1912, page 133) to ascertain the true boundary line between the lands of the plaintiff and the defendant. The land in controversy is a triangular shaped piece of uninclosed woodland, thickly covered with undergrowth. There was a verdict and judgment for the defendant, to which judgment this writ of error was awarded.

The granting of instruction No. 1, asked for by the defendant, is assigned as error on the ground that there was no evidence to support it, and we are of opinion that the error is well assigned.

The instruction was as follows: "The court instructs the jury that if you believe from the evidence that Bessie R. Henderson, by virtue of her deed from John M. Henderson and his predecessors in title entered upon the land in controversy, improving and cultivating a part and claiming title to the whole, she was in actual possession of the whole land within her boundaries and what is the whole is to be determined by the limits, owned or claimed."

The evidence shows that the land in controversy is in timber, so overgrown with underbrush that you could not see through it, and that the location of the line could only be fixed by a survey. There was no evidence that it was in any way improved or cultivated, and the only acts of ownership alleged were the occasional cutting of trees and raking of shatters. No instruction was given as to the effect of these alleged acts of ownership, and there is no other evidence even tending to support the instruction given. The instruction was misleading, without evidence to support it, and constituted error to the prejudice of the plaintiff.

It is also assigned as error that the court refused to give instructions "E" and "F" tendered by the plaintiff. These instructions were as follows:

"E. The court instructs the jury that there can be no adverse possession of uncleared land, unless such possession is actual, exclusive, visible and notorious; and that a mere claim to possession accompanied by the occasional cutting of timber, the prevention of trespassers, occasional raking of shatters, and assertion of title, is not sufficient, but it must be such occupation, use or holding of the property, or change in its character, as will make such claim-

ant, during the period of fifteen years, prior to the commencement of this suit, continuously, subject to be treated as a trespasser by the plaintiff, and that unless the defendant did so occupy and use the land in question, the jury must find for the plaintiff."

"F. The court instructs the jury that even though the defendant occupied and possessed the land of Mr. Wilkins, which is in question, but did so through a misapprehension or mistake as to the boundaries of his land, with no intention to claim as his own that which did not belong to him, but only intended to claim to the true line, wherever that may be, then they must find for the plaintiff.

We have repeatedly held that it is error to give an instruction directing a finding for the plaintiff or the defendant on an incomplete or partial view of the evidence. *Sun Life Ins. Co.* v. *Bailey,* 101 Va. 443, 44 S. E. 692; *Life Ins. Co.* v. *Hairston,* 108 Va. 832, 62 S. E. 1057, 128 Am. St. Rep. 989, and cases cited. In the instant case, the defendant relied upon two defenses: First, that the land in controversy was within the boundaries called for by her deed; and, second, that if not within such boundaries, the defendant had acquired title by adverse possession. Each of the instructions asked was applicable solely to the defense of title by adverse possession, and, although the land in controversy may have been within the boundaries of the defendant's deed, and passed to her by her deed, yet each of the instructions directed a verdict in favor of the plaintiff. The land in controversy was a parcel of a large tract, much of which was arable land, and had been in the possession of the defendant for a long number of years. The defendant entered into possession of a part of the tract, claiming title to the whole, according to the boundaries claimed in her deed, thus extending her possession to the entire tract, including the land in controversy, if it was within her boundary. As the plaintiff did not claim title by adverse possession, the

defendant was entitled under the evidence to a verdict in her favor, if the land in controversy was within the calls of her deed, and yet, each of the instructions aforesaid directed a finding for the plaintiff unless she established her claim of title by adverse possession. This was manifest error and justified the court in refusing to grant the instructions.

It was also assigned as error that the trial court refused to set aside the verdict as contrary to the evidence. It is a sufficient answer to this objection that the evidence on the subject of the location of the boundary was conflicting. Therefore, the court was without power to set aside the verdict.

For the error committed in giving instruction No. 1, above mentioned, the judgment of the trial court must be reversed.

*Reversed.*