## CENTRAL NAT BANK v BENNETT et

Ohio Appeals, 4th Dist, Scioto Co
Decided December 3, 1929

BLOSSER, J.

The sole question to be determined by this court is whether the transaction between the Bank and Bennett came within the terms of the contract of the Bank with the surety company. This depends upon the interpretation of the word "payment" in the policy. The plaintiff contends that "payment" is to be construed in a broad sense as "a transfer of property from one to another". The defendant asserts that the proper meaning is to be determined in harmony with the provisions of the Negotiable Instruments Law, that it is used in its technical sense. In interpreting the words of a contract one of the established rules is that all words are to be taken in their ordinary and popular sense unless there is something to show that they are used in a different sense. Railroad Co. vs. Veeder, 17 Ohio 385; Casualty Co. vs. Johnson, 91 OS. 155, 157, 158. What then is the meaning of "payment" in the ordinary and popular sense? In Webster's new international dictionary it is defined as

"The act of paying or giving compensation; discharge of a debt or obligation."

Counsel for the plaintiff in error have cited a number of cases which say that payment is the delivery of money or other agreed medium by the debtor to the creditor or that it is the fulfillment of a promise. Oneda County vs. Tibbitts, 102 N. W. 897 (Wis.); Moore vs. Highway, 44 S. E. 692 (N. C.); 48 C. J. 585. Before this meaning can be applied it is necessary to analyze the transaction between Bennett and the Bank. In the case of a loan by a bank it is contemplated by the parties that there be a mutual simultaneous transfer; the lender gives the money or credit and the borrower gives the note. When the bank gave the money to Bennett it was not **paying** the note but was merely **loaning** him the money, which he promised to repay by executing and delivering the note. It is common knowledge that the general meaning of the phrase "payment of a note" means the payment of money by the maker to the holder. Transfers of money prior to such payment are referred to as "loans", "purchases" or "payments for a note".

There is another rule of construction which must be considered and which settles the question here in dispute. Unless a contrary intention is clearly expressed

a term or phrase which has a technical meaning in the business to which the contract refers will be interpreted according to that meaning. **Insurance Co. vs. Duffield, 6 OS. 200; Thomas vs. Matthews, 94 OS. 32, 56.**

The contract of insurance between the bank and the surety company deals entirely with banking practices and custom. Its purpose is to save the bank harmless in specified cases arising in the course of banking business. In Ohio the uniform Negotiable Instruments Law (**GC. 8106-8302**) has codified the law in regard to commercial paper. Banks in this state conform with its provisions in dealing with drafts, notes and other negotiable instruments. This law has been adopted by most of the states of the union and is generally regarded with deference by the few states which have not enacted it into statutory law. The Aetna Casualty and Surety Company is a Connecticut corporation and that state has adopted the uniform Negotiable Instruments law.

Taking into consideration the provisions of the Negotiable Instruments Law, it is clear that the custom of merchants in referring to "payment" contemplates the transfer of money from one bound upon the instrument to the holder. **8175-8184 GC.** "Payment" as referred to in the Negotiable Instruments Law is so used there as to indicate such a transfer of money as works a discharge of the instrument or of liability upon it. **8224-8226 GC.**

In this case we must conclude that there was a transfer or loan of money to Bennett by the bank, but there was no **payment of the note.** This transaction created rights upon the instrument and did not transfer or discharge them. Bennett was never a creditor upon the instrument; by its terms we know that he was a debtor upon it. He was primarily bound and the only person bound by it. It is clear that the payment for the note by the bank was not a payment of the note covered by the policy.

The demurrer was rightfully sustained and the judgment will be affirmed.

Middleton, PJ., and Mauck, J., concur.