# Wytheville

JESSE A. THOMAS v. WILLIAM S. SNOW.

June 14, 1934.

Present, Campbell, C. J., and Epes, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*Barbour, Keith, McCandlish &* *Garnett* and *R. Walton Moore,* for the plaintiff in error.

*Charles Henry Smith,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This cause of action originated in a collision between an automobile driven by Jesse A. Thomas, defendant below, and another automobile driven by James C. Lewis, on the highway leading from Washington to Alexandria. Plaintiff below, who was riding as an invited guest in defendant's automobile, recovered a verdict and judgment in this action against his host.

Plaintiff and defendant, about ten o'clock on the night of June 29, 1932, were returning to Alexandria from a fishing trip in Maryland. After crossing the Potomac river they were proceeding south towards Alexandria by the lower, or left-hand, road. This highway is intersected at an acute angle by the Military, or Fort Myer, road. At the intersection of these two highways, on the tongue of land between the two is located an automobile gas service station, some 100 feet south of the intersection. At this point the lower road is forty-two feet wide, hard-surfaced, with a white concrete slab five inches wide to mark the center. Lewis' car was proceeding north toward Washington. At a point approximately 140 feet south of the entrance to the gas station, and while Lewis was driving on his right, the east side of the highway, and within six or eight feet of the eastern edge, there was a head-on collision between his car and the one driven by Thomas. As the cars met they seem to have been the same distance from the eastern curb, as Lewis testified that the "bump-

ers met identically." The road was straight, the night was clear and dry, both headlights were burning.

The theory of plaintiff is that Thomas, without cause, was driving south, on his left, in the north lane of traffic, and without keeping a lookout for on-coming cars, on a much-traveled highway, where he knew, or ought to have known, he was in imminent danger of a collision with cars proceeding north.

Defendant contends that after he passed the intersection of the Fort Myer road and when about opposite the gasoline station, he observed a car traveling towards Washington suddenly swerve to the east and approach defendant's car from his right. In order to avoid a collision with this car, he turned, or swerved, his car from the right to the left-hand side and before he could get back to the right-hand side of the road the collision took place. In other words, defendant's theory is that without fault on his part he was suddenly placed by the negligence of the driver of the car on his right in such a position that he was compelled to choose instantly, in the face of imminent peril, between two or more means of attempting to avoid danger, and therefore he is not responsible for any injury resulting from the fact that he was on the left-hand side of the road.

It seems that plaintiff was under the erroneous impression that he was entitled to recover by proving that defendant was guilty of simple negligence, merely, since instructions 3 and 4, which he asked the court to give, stated that the jury should find for the plaintiff, in the event they believed the defendant was guilty of simple negligence which resulted in his injuries. These instructions were modified and given as follows:

"(3) The court instructs the jury that if you believe from the evidence that the defendant Thomas was not keeping a proper lookout ahead immediately before the accident in question and that his failure to do so was the direct and proximate cause of the injury sustained by the plaintiff, and if you further believe that such conduct on

the part of the defendant knowingly or wantonly added to the perils or risks not ordinarily expected under the circumstances, you must find for the plaintiff."

"(4) The court instructs the jury that if you believe from the evidence that the defendant, Thomas, drove his car upon the left-hand side of his roadway at the time of the collision in question and that his driving in such manner was the proximate cause of the accident in question, and that such conduct on the part of the defendant Thomas, knowingly or wantonly added to the perils or risks not ordinarily expected under the circumstances, you must find for the plaintiff."

The giving of these instructions constitutes the first assignment of error.

One objection raised to them is that neither defines the correct measure of duty a host owes to his gratuitous guest riding in a car with him. In this class of cases, Virginia has definitely adopted the minority, or Massachusetts, rule, which is that the host only owes to his guest the duty to observe "slight" care, that is, he is liable only in the event the plaintiff guest establishes "gross negligence." See *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E.77; *Jones* v. *Massie,* 158 Va. 121, 163 S. E. 63; *Young* v. *Dyer,* 161 Va. 434, 170 S. E. 737; *Collins* v. *Robinson,* 160 Va. 520, 169 S. E. 609; *Poole* v. *Kelley, ante,* page 279, 173 S. E. 537.

In adopting this rule this court has reopened in this class of cases the troublesome question of the distinction to be made in the degrees of care and diligence, denying recovery when the host is guilty only of "ordinary negligence" and permitting recovery when it is established that he is guilty of "gross negligence." " * * * it is often difficult to mark the line where the one ends and the other begins. And it must be often left to the jury, upon the nature of the subject-matter and the particular circumstances of each case, with suitable remarks by the judge, to say whether the particular case is within the one or the other." Chief Justice Shaw, in *Whitney* v. *Lee,* 8 Metc. (Mass.) 91, 93 Am. Neg. Cas. 789.

██ Negligence conveys the idea of heedlessness, inattention, inadvertence; wilfulness and wantonness convey the idea of purpose or design, actual or constructive. In some jurisdictions they are used to signify a higher degree of neglect than gross negligence. "In order that one may be held guilty of wilful or wanton conduct, it must be shown that he was conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result." 29 Cyc. 510.

██ It is important to mark the distinction between acts or omissions which constitute gross negligence and those which are termed wilful or wanton, because it is usually held that in the former contributory negligence on the part of plaintiff will defeat recovery, while in the latter it will not.

In *Cieplinski* v. *Severn,* 269 Mass. 261, 168 N. E. 722, 723, the Massachusetts court held: "The current of decisions is that when the defendant's wrong is something more than mere negligence, that is, when it has the element of wilful, reckless and wanton misconduct, contributory negligence is not a defense." See annotations in 72 A. L. R. 1357; *Gibbard* v. *Cursan,* 225 Mich. 311, 196 N. W. 398.

██ The distinction between acts or omissions which constitute gross negligence and those which are termed wanton or wilful negligence is not always observed in the different jurisdictions, but inasmuch as this State deliberately adopted the Massachusetts rule in this class of cases, approving the reasoning in *Massaletti* v. *Fitzroy,* 228 Mass. 487, 118 N. E. 168, L. R. A. 1918C, 264, Ann. Cas. 1918B, 1088, in the absence of statute it seems logical to apply the distinction which is applied in that State.

██ In *Altman* v. *Aronson,* 231 Mass. 588, 121 N. E. 505, 506, 4 A. L. R. 1185, 1187, this is said:

"Gross negligence is substantially and appreciably high-

er in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character, as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the wilful, wanton, and reckless conduct which renders a defendant who has injured another liable to the latter, even though guilty of contributory negligence, or which renders a defendant in rightful possession of real estate liable to a trespasser whom he has injured. It falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from wilful and intentional conduct which is, or ought to be, known to have a tendency to injure. This definition does not possess the exactness of a mathematical demonstration, but it is what the law now affords."

█ No attempt was made in the above instructions to inform the jury of the difference between simple and gross negligence. On the contrary, in both instructions the jury were told, in effect, that if they believed the defendant was guilty of simple negligence, and by such simple negligence "defendant knowingly or wantonly added to the perils not ordinarily expected," they should find for plaintiff. But defendant is in no position to raise this objection to instruction No. 3 as it in effect told the

jury that defendant was not liable unless they believed he actually or constructively intended to inflict the injury which, as heretofore pointed out, is not a correct statement of the degree of care he owed to plaintiff.

Instruction 4 told the jury that if they believed the defendant was driving his car on the left-hand side of the road and thereby knowingly added to the perils or risks not ordinarily expected, they must find for plaintiff. The jury might have believed that defendant knowingly turned or swerved his car to the left in order to avoid a collision with a car on his right, and still have found for plaintiff under this instruction.

Both instructions were peremptory in directing a verdict for plaintiff. An instruction directing a verdict must state a complete case and embrace all elements necessary to support a verdict. *Norfolk & W. R. Co.* v. *Mann,* 99 Va. 180, 37 S. E. 849; *Vaughan M. Co.* v. *Staunton T. Co.,* 106 Va. 445, 56 S. E. 140; *Continental C. Co.* v. *Peltier,* 104 Va. 222, 51 S. E. 209; *Rea* v. *Trotter,* 26 Gratt. (67 Va.) 585; *Hash's Case,* 88 Va. 172, 13 S. E. 398; *Brown* v. *Rice,* 76 Va. 629; *Washington, etc., R. Co.* v. *Quayle,* 95 Va. 741, 30 S. E. 391; *Sexton* v. *Windell,* 23 Gratt. (64 Va.) 534; *Sun Life Assur. Co.* v. *Bailey,* 101 Va. 443, 44 S. E. 692; *Bowles' Case,* 103 Va. 816, 48 S. E. 527.

When an instruction attempts to define the duty which defendant owes to plaintiff the duty should be set forth with reasonable clearness, and if it is so framed as to be calculated to confuse or mislead the jury, as in this case, it is prejudicial error. *Gordon* v. *Richmond,* 83 Va. 436, 2 S. E. 727; 4 Min. Inst., part 1, 1878, p. 876; *Hansbrough* v. *Neal,* 94 Va. 722, 27 S. E. 593; *Kibler's Case,* 94 Va. 804, 26 S. E. 858; *Fletcher's Case,* 106 Va. 840, 56 S. E. 149; *Richmond Granite Co.* v. *Bailey,* 92 Va. 554, 24 S. E. 232; *Virginia & N. C. Wheel Co.* v. *Chalkley,* 98 Va. 62, 34 S. E. 976.

Both parties were entitled to have their respective theories submitted to the jury by proper instructions, not necessarily embraced in the same instruction. *Mann* v.

*Crenshaw & Co.*, 158 Va. 193, 163 S. E. 375; *Clinchfield Coal Corporation* v. *Compton*, 148 Va. 437, 139 S. E. 308, 55 A. L. R. 1376.

 Defendant's instruction A is modeled on the language used in *Boggs* v. *Plybon, supra*. Language appropriate in an opinion is not always appropriate to be used in instructing a jury. In the above case the court was discussing the reasons given for adopting the minority rule in this class of cases. The subsequent cases, *Jones* v. *Massie, supra, Young* v. *Dyer, supra, Collins* v. *Robinson, supra,* clearly show that it was the intention of this court to adopt the Massachusetts rule, which has been substantially adopted in some eighteen States by statute. The substance of the rule is that in order for an invitee to recover from his host he must prove acts or omissions which amount to gross negligence, and, as pointed out above, gross negligence is not as culpable as so-called wanton or wilful negligence. Defendant's instruction A ignores the difference between the two, and inasmuch as the case will have to be reversed we deem it advisable to call attention to this fact.

The second assignment of error is to the action of the court in amending instruction B by adding the language in italics below.

"If the jury believe from the evidence that the defendant, while operating his automobile with due care south on the old Alexandria road was, suddenly placed in a position of peril by the negligence of a driver of a third automobile, coming from right across the gasoline station at the intersection of the old Alexandia road and the Fort Myer road, and the defendant was compelled to act instantly to avoid a collision with such third automobile and made such a choice in good faith, as a person of ordinary prudence placed in such a position might make, *and had not the opportunity thereafter to prevent the collision,* even though he did not make the wisest choice, his conduct in driving his automobile to the left was not negligent and the jury should find for the defendant."

Defendant contends that there is no evidence on which to base the amendment. It appears from defendant's own testimony that the point of impact was more than 140 feet south of the place where he claims the third car turned towards him. Drivers of cars in traffic are by necessity frequently compelled to turn quickly one way or the other to avoid a collision. A failure to do so under some circumstances may be gross negligence. Assuming that the jury believed that the third car did turn towards defendant as claimed by him, under the circumstances of this case it was for them to say whether or not defendant was grossly negligent in not returning to his side of the road in time to avoid the collision. The amendment assumes that the degree of care which defendant owed plaintiff was ordinary care, and for this reason we think that the assignment is well taken.

For reasons already stated, we find no error in the action of the court in refusing to give instruction C, defining wantonness. If, however, plaintiff insists in using the term "wanton negligence" a correct legal definition thereof should be couched in an instruction to the jury.

Defendant's fourth assignment of error is to the action of the court in giving certain instructions on the measure of damages. We have closely scrutinized the instructions of which complaint is made and the authorities cited and find no error of which defendant has a right to complain.

The evidence as to whether or not a third car turned east from defendant's right is in conflict, and after a careful consideration of the whole record we have reached the conclusion that this conflict presents a question for the jury.

For the reasons stated, the verdict of the jury is set aside, the judgment reversed, and the case remanded for a new trial to be had not in conflict with the views herein expressed.

*Reversed and remanded.*