## CIRCUIT COURT OF ARLINGTON COUNTY

Quigg

v.

Radigan

August 9, 1976

Case No. (Law) 18334

By JUDGE CHARLES H. DUFF

The Demurrer by Defendants raises essentially two points: First, is there a misjoinder of causes of action, and second, does the alleged defamation create a sufficient issue for submission to a jury, assuming evidence at trial to support it.

Considering the second issue initially, I am of the opinion that as to it the Demurrer should be overruled. With respect to the first question, paragraphs 4 and 5 of the Motion for Judgment allege publication, which is not a necessary element of an action for insulting words but is for common law libel or slander.

A person aggrieved by the insulting words of another must declare either for a common law slander or for insulting words under the statute; he cannot declare for both unless he does so separately in distinct counts. *See Sun Life Assur. Co. v. Bailey*, 101 Va. 443 (1903), and cases cited on page 436 of Annotations to Section 8-630.

The Defendants are entitled to know, with precision, the nature of the cause they are called upon to defend. Accordingly, the Demurrer is sustained and Plaintiff will be granted leave of fourteen days from the entry of the Order to file an amended Motion for Judgment if he be so advised.