# Richmond.

## RICHMOND GRANITE COMPANY v. BAILEY.

### FEBRUARY 6, 1896.

### Absent, Harrison, J.

1. PERSONAL INJURIES—*Vice-Principal—Fellow-Servant—Negligence.*—The foreman in charge of a stone-quarry which is being operated by a company, who has general superintendence over the workmen, and makes rules for their guidance, and abrogates them at his pleasure; who divides the workmen into squads, and appoints foremen for the squads, and who is the highest officer in rank of the company at the quarry, is not a fellow-servant with one of the workmen in the quarry, but occupies to him the relation of vice-principal, and the company is liable for injuries inflicted through his negligence. In the case at bar the injury was inflicted through the negligence of such foreman.

2. MASTER AND SERVANT—*Safe Place to Work—Suitable Machinery—Rules and Regulations.*—It is the duty of the master to furnish his employees a safe place in which to do the work assigned to them; to furnish suitable materials and machinery; to establish and promulgate rules which will give them reasonable protection from injury; and to guard them against such accidents and casualties as may be reasonably foreseen. In the case at bar these duties were either neglected by the company, which would be negligence, or they were entrusted to the foreman, which would elevate him above the position of fellow-servant with the workmen.

3. INSTRUCTIONS—*Relevant to Evidence—Harmless Error.*—Instructions must be read and construed in the light of the evidence to which they are addressed, and if, when so considered, it appears that the jury could not have been mislead or deceived by them, the judgment should not be reversed, though as abstract propositions they may not accurately state the law.

4. PERSONAL INJURIES—*Declaration—Ignorance of Danger—Contributory Negligence.*—In an action to recover damages for personal injuries the declaration need not allege the plaintiff's ignorance of the danger to which he was exposed. This is in effect an averment that he was not guilty of contributory negligence. Contributory negligence is matter of defence, and need not be negatived by the plaintiff in his declaration.

Error to a judgment of the Circuit Court of the city of Richmond, rendered April 14, 1893, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant. The plaintiff recovered a judgment for $1,000 damages.

*Affirmed.*

This action was instituted in the Circuit Court of Henrico county, but was subsequently removed, by consent, to the Circuit Court of the city of Richmond.

The opinion states the case.

*Rutherfoord & Page*, for the plaintiff in error.

*Edmund Waddill, Jr.*, and *Frank M. Woon*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of trespass on the case, brought in the Circuit Court of the county of Henrico, by Campbell Bailey, to recover damages for an injury received under the following circumstances, while in the employment of the Richmond Granite Company :

At the time of the accident Bailey was engaged in loading a car with stone, as directed by W. J. Campbell, the foreman in charge of the Granite Company's quarry. It becoming necessary in the progress of the work to move another car, a wire rope, attached at one end to the drum of an engine, was fastened at the other end to the car which it was desired to move, and, the engine winding the wire rope around the drum, it became taut, and, as it straightened out, struck with great violence the defendant in error, inflicting upon him very

serious injuries. The defence made upon the part of the company is, first, that Bailey was guilty of contributory negligence, but of that there is not a particle of evidence, and we shall dismiss it without further notice ; and, in the second place, it is contended that the only negligence of which he can complain is that of a fellow-servant, Henry Payne. It seems that usually, when a car was about to be moved in the manner just described, it became the duty of Payne to give warning to those endangered by the tightening of the rope, so that they might do what was necessary to protect themselves. Upon this occasion it seems that Payne, having attached the loose end of the rope to the car about to be moved, the other end being, as we have seen, fastened to the drum of the engine which supplied the motive power, was about to get upon the car, as was usual, and give the accustomed warning, when Campbell, the foreman, anticipated the usual order of procedure, and, being in a somewhat impatient mood, ordered the engineer to start the engine without delay, which was done. Campbell claims that he gave warning. But, granting that he did, it was not heard, and was given under circumstances which rendered it extremely unlikely, if not impossible, that Bailey should hear. Bailey expected the warning from Henry Payne, who was upon the car to be moved. It was given by Campbell when the car which Bailey was loading was interposed between them, and, in addition, amidst the noise and bustle of the labor of many hands in a stone quarry, which served to render the warning given inaudible. Bailey denies that he received it, and, for the purposes of this case, his statement must be taken as true.

Now, there were but two servants of the company as to whom there is any suggestion that they stood in any such relation to the situation at the time of the accident as that their acts could in any degree have contributed to it. There is Henry Payne, whose duty it was to give the warning, to

whom the employees were accustomed to look for it; but there is no evidence whatever which even tends to prove any want of care upon his part, or the slightest failure in the performance of the duties imposed upon him.

We have only, therefore, to inquire, first, whether or not Campbell, by his acts or omissions, was the efficient cause of the injury; and, secondly, whether his relations to the company were such as to constitute him a fellow-servant of the defendant in error, for whose negligence their common employer would not be responsible. And, in considering these questions, we shall deal wholly with the evidence of Campbell himself, sworn as a witness on behalf of the plaintiff in error.

In the first place, we will state that the evidence discloses the presence of no officer or agent of the company in the conduct of its business at the quarry of any grade or rank higher than that held by the witness Campbell. He said himself that he was foreman of the quarry at the time the accident occurred; that his duties required him to exercise a general superintendence over the men. He appears to have made rules for their guidance, and to have abrogated them at pleasure. The men were divided by him into squads of four or five, and a foreman appointed for each squad, and he says, "I made it a rule that a man who had four or five hands, it was his business to look out for them." Now, Henry Payne was the immediate foreman or boss over the gang of whom Bailey was one. Under the rule prescribed it was Payne's duty to look out for Bailey's safety, and Bailey's duty to wait for the signal from Payne, because, if the men were themselves to watch for the approach of danger, their work would be seriously interrupted, and hence the necessity for the rule, which gave protection to the men, and enabled them, consistently with safety, to devote themselves to their duties.

Having made a very salutary regulation for the safety of

the men, which required the foreman of each gang to acquaint the men under his charge of the approach of danger, or that something was to be done in the progress of the work which involved risk to those under his care, and the men coming to rely upon it, and to expect it from the accustomed source, it was an act of gross negligence upon the part of Campbell to anticipate the ordinary and usual course of events by accelerating the movement of the car, in advance of any warning from Payne, or of any sufficient warning from himself to abrogate the rule which he himself had established, and peremptorily to require the engineer to put the engine in motion, thereby converting a wire rope, as one of the witnesses describes it, into an iron bar, and so inflicting the injury complained of. That it was culpable negligence it cannot be denied, and that he was not a fellow-servant seems to be equally free from doubt.

It is the duty of the master to furnish his employees a safe place in which to do the work assigned them; to furnish suitable materials and machinery; to establish and promulgate rules which will give them reasonable protection from injury, and to guard them against such accidents and casualties as may be reasonably foreseen. Bailey on Masters' Liability, ch. V.

From the evidence it would seem either that these duties were neglected by the Granite Company, which would be negligence; or that they were confided to Campbell, who superintended the work, which would elevate him above the grade of a fellow-servant.

After all the evidence was in, the court instructed the jury as follows: "If the jury believe from the evidence that it was the custom of the defendant company to give to its employees, in the position of the plaintiff at the time of the accident, notice of the moving of the cars, or the tightening of the rope or cord by which the trains were removed by the

application of steam, and that, at the time in question, the defendant's servants failed to observe such custom, and did not give such notice as was usual on such occasions, the jury are instructed that the failure of the defendant's servants was negligence ; and if the jury believe that the accident was occasioned by the failure, and shall further believe that the plaintiff exercised such care and caution as a reasonably prudent man under the circumstances ought to have exercised for his own protection, they should find for the plaintiff."

We do not consider this instruction to be an accurate exposition of the law, because it makes the plaintiff in error responsible for the omissions of any of its servants, even though they might stand in the relation of a fellow-servant to the defendant in error; but instructions must be read and construed in the light of the evidence to which they are addressed, and if, when so considered, it shall appear that the jury could not have been misled or deceived by them, the judgment should not be reversed.   Now we have seen in a former part of this opinion that there were but two of the employees of the plaintiff in error who stood in such a relation to the situation as to render it possible that their acts of commission or omission could have contributed to the injury.   We have seen, as to Payne, that there is not the slightest evidence upon which to attribute to him any failure of duty.   The evidence, however, points unmistakably to Campbell as having been guilty of gross negligence.   He, therefore, is the only servant of the company to whom the instruction could have applied, and he was not a fellow-servant of the defendant in error.   We do not think, therefore, that, conceding the inaccuracy of the instruction, it could in any degree have prejudiced the plaintiff in error with the jury, and for harmless error a case should not be reversed.

We find that we have omitted to make any reference to the demurrer to the declaration.   The objection taken is that

the declaration fails to allege the plaintiff's ignorance of the danger to which he was exposed. In other words, the master is exempt from liability where the danger is known to the servant, which is but another form of stating that the plaintiff cannot recover for the injury to which his own negligence has contributed. This is true, but contributory negligence is matter of defence, and need not be negatived by the plaintiff in his declaration.

Upon the whole case, we are of opinion that there is no error, and the judgment of the Circuit Court of the city of Richmond is affirmed.

*Affirmed.*