# CHARLESTON.

ROBINSON *v.* LA FOLLETTE, *Auditor.*

Submitted February 6, 1899—Decided April 22, 1899.

WRIT OF ERROR—*Stenographers—Claims Against State—Auditor.*

Where a claim against the State for services rendered, as shorthand reporter, in a criminal case, has been allowed by the circuit court in which the case was tried, and been certified to the auditor for payment, by whom a portion of the claim is allowed, and the residue refused, and the holder of the claim applies by petition, under section 1 of chapter 37 of the Code, to the circuit court, to have the claim audited and adjusted, a writ of error will not lie to this Court from the action of the circuit court on said petition.    (p. 569).

Error to Circuit Court, Kanawha County.

Petition of Prudence G. Robinson to L. M. La Follette, auditor, for allowance of claim.    From an order refusing the same, petitioner brings error.

*Dismissed.*

FRED O. BLUE, for plaintiff in error.

EDGAR P. RUCKER, Atty. Gen., and EDWIN M. KEATLEY, for defendant in error.

ENGLISH, JUDGE:

W. H. Pilson was employed as shorthand reporter by the circuit court of Tucker County to report the proceedings and testimony given in the case of the State against Robert W. Eastham, who was charged with felony, and said Pilson presented an account for his services rendered in said case as follows:

To taking evidence, 19 days, at $10...$190 00
To transcribing ...................... 300 00
To making copy for defendant ...... 300 00
To transcribing evidence of jury .... 35 00

Total ......................$825 00

—Which claim was allowed by the circuit court of said

county, and was by Pilson assigned to Prudence G. Robinson, who, as such assignee, presented the same to the auditor for payment, who paid so much thereof as in his judgment was considered proper and right, and refused to pay the residue. Thereupon said assignee, in pursuance of the provisions of chapter 37 of the Code, presented her petition to the circuit court of Kanawha County to have said claim audited and adjusted. The auditor, L. M. LaFollette, appeared in said circuit court, and answered said petition, admitting the allegations of the petition as to the presentation of said claim to him, his payment of two hundred and eighty-five dollars, part thereof, and his refusal to pay the residue; claiming that, under section 5 of chapter 17 of the Code, it was his duty to inquire into and investigate the correctness of claims presented for payment from the criminal charge fund, and gave his reasons for refusing to allow the residue of said claim. On the 6th day of October, 1898, the circuit court, having considered said petition, dismissed the same, with costs. The petitioner excepted, and obtained this writ of error, assigning the following points: First. It was error to dismiss the petition. Second. It was error to dismiss the petition in any event, without setting forth the reasons thereof. Third. It was error to dismiss the petition, and to enter the judgment so entered, in any event, without providing further and certifying the same to the auditor. Fourth. It was error in the court below not to allow the claim of petitioner as set out in her petition, and certify the same as provided by law.

Now, as to the error claimed in the action of the circuit court in not certifying its action to the auditor, there can certainly be nothing in this point, for the reason there was nothing to certify upon which the action of the auditor would be required, and the auditor was present in court, and was aware of the result of the petition.

It is unnecessary to consider and pass upon the question raised by the fourth assignment of error, as to whether the circuit court erred in not allowing the residue of said claim, for the reason that, in my opinion, the judgment of the circuit court in this matter is not reviewable on writ of error in this Court. I am led to this conclusion for the following reasons: In the first place, section 1 of chapter 37 of the Code provides that "any person having a pecuniary

claim against the State which the auditor has disallowed in whole or in part may apply by petition to the circuit court of the county in which the seat of government is, to have such claim audited and adjusted." The statute further provides that the auditor shall have ten days' notice of the filing of such petition, and makes it his duty to answer said petition, stating his objections to the claim, and his reasons for rejecting the same or any part thereof; and also makes it the duty of the attorney general, or, in case of his absence, of the prosecuting attorney of the county, to attend and defend the interest of the State. But how shall we regard this statutory proceeding? It is merely a mode provided by statute for the revision of the action of the auditor in passing on a claim presented against the State, and the prayer of the petition, under the statute, is that the claim may be audited and adjusted, and the statute provides for no appeal from the action of the circuit court allowing, or refusing to allow, the prayer of the petition. In the event the claim, or any portion of it, is allowed by the court, the auditor is required to report the same to the legislature at its next session; but no such claim shall be paid until an appropriation shall be made therefor by the legislature. So the claim, even after it is audited by the court, must pass through the legislature before it can be paid, and even there the appropriation may be contested; as it does not follow, as a matter of course, that it will be allowed, but depends upon the vote of the members. Again, in chapter 24 of the Acts of 1893, which provides for the sale of lands for the school fund, and for redemption of the land on petition, the legislature, at the close of that chapter, thought it necessary to provide for writs of error to the orders of the circuit court made under said chapter, although the matters in controversy under that chapter may often involve thousands of dollars. It is true, section 1 of chapter 135 of the Code provides that "in civil cases where the matter in controversy exclusive of costs is of greater value or amount than one hundred dollars, wherein there is a final judgment or decree or order, a writ of error lies to this Court." But can this be regarded as a "civil case," within the purview of that section? This is merely a proceeding provided for by statute for auditing a State claim. The latter clause of section 1 of chapter 37 of the Code

shows the object of the petition, and that the prayer of
the petition is confined to having the claim audited and ad-
justed; and it might with as much propriety be claimed that
the application to the auditor to have the claim allowed,
and his warrant issued to the treasurer for the amount,
was a civil case, because section 5 of chapter 17 of the Code
provides that "every person claiming to receive money from
the treasury of the State shall apply to the auditor for a
warrant for the same, and the auditor shall thereupon ex-
amine the claim with the vouchers, certificates and evi-
dence, if any, offered in support thereof, and for so much
thereof as he may find to be justly due by the State, if pay-
ment thereof be authorized by law, and there be an appro-
priation not exhausted or expired out of which it is prop-
erly payable, he shall issue his warrant," etc.    That the au-
ditor is authorized by statute to examine the claim pre-
sented, with the voucher, certificate, and evidence, if any,
offered in support thereof, and for so much thereof as he
may find to be justly due, if payment thereof is authorized
by law, to issue his warrant, etc., clearly indicates that he
is authorized to use discretion in the allowance or rejection
of such claims, and that in passing on such claims he does
not perform a mere ministerial duty, and, such being the
case, mandamus would not lie to compel him to allow such
claim.   See *Supervisors* v. *Minturn*, 4 W. Va. 300 (Syl.,
point 2).   When such claim as is mentioned in this proceed-
ing has been allowed by the circuit court in which the ser-
vices were performed, such allowance is not final and con-
clusive upon the auditor.   It is to be paid out of the
treasury of the State, and forms no exception to the claims
which must be presented to the auditor, and passed upon
by him, under section 5 of chapter 17 of the Code.   It is
easily perceived that the solution of intricate legal ques-
tions must frequently be presented to the auditor, but no
one would think of designating such an application to the
auditor, or his action upon it, as a civil case, or imagine for
a moment that a writ of error would lie from his decision
either to the circuit court or to this Court.   When such ap-
plication is made to the circuit court, what more does he
do?   His duty is confined by section 1 of chapter 37 of the
Code to auditing and adjusting the claim, and certifying
the result back to the auditor, not for payment, but for

submission to the next legislature, as a basis for an appropriation. My conclusion is that this Court has no jurisdiction of the question, and the writ of error is dismissed as improvidently awarded.

*Dismissed.*