# CHARLESTON.

## LEACH *v.* MARTIN.

Submitted February 1, 1910.    Decided April 25, 1911.

1. MASTER AND SERVANT—*Fellow Servants.*

    All who serve the same master, working under the same control, deriving authority and compensation from the same source, and are engaged in the same general business, though in different grades or departments thereof, are fellow-servants, each taking the risk of the others' negligence, except when one of them stands as the representative of the master in relation to a duty incumbent on the master toward the others.   (p. 221).

2. SAME.

    A servant employed by a wholesale merchant in building a platform from the business house to an adjoining railway track, for the convenience of the business in transporting goods, is a fellow-servant to another of the merchant's servants who is engaged in transporting goods, to a railway car, across the space where the platform is being constructed.   (p. 222).

3. SAME—*Injuries to Servant—Fellow Servant—Incompetency—Master's Knowledge.*

    The master is liable for injury to the servant by the incompetency of a fellow-servant, if the master had notice of the incompetency before the injury and the injured party himself did not know of the incompetency of his fellow-servant.   (p. 222).

4. SAME—*Negligence of Fellow Servant—Pleading.*

    In a declaration basing a cause of action against the master on the ground that he knowingly employed an incompetent servant to the injury of the plaintiff, a fellow-servant, it is not essential to aver that the plaintiff had no knowledge of the incompetency of his offending fellow-servant.   (p. 222).

Error to Circuit Court, Wood County.

Action by W. T. Leach against C. C. Martin, trading as C. C. Martin & Co.    Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*F. P. Moats,* for plaintiff in error.

*Van Winkle & Ambler,* for defendant in error.

ROBINSON, JUDGE:

In this action for damages arising from a personal injury, the plaintiff's declaration was dismissed on demurrer. The writ of error brings up the question: Does the declaration state a good cause of action?

Defendant was carrying on a wholesale grocery business. Plaintiff, in the service of defendant, was engaged in constructing a platform to extend from defendant's business house to a railway track a few feet from the building. This platform was needed in the transaction of defendant's business, so that articles of merchandise could be conveniently received and discharged. While plaintiff was engaged on the ground in preparing a foundation for the platform, a temporary bridge was made of boards, extending from the door of the building to the door of the freight car on the railway track, and goods were being handled over this bridge by means of a truck. The work of trucking these goods was being done by another servant of defendant. He allowed some of the packages or boxes to fall from the truck and to strike plaintiff who was working below the temporary bridge in constructing the platform. Plaintiff was thereby injured, and for the injury so received he claims damages by this action.

The declaration founded on the injury stated cannot be sustained as one showing a failure on the part of the master to provide the servant a reasonably safe place in which to work. It does not sufficiently aver facts to show that there was such failure. It does not directly set forth that the temporary bridge was a defective appliance, or that the method by which goods were trucked over it made plaintiff's working place a hazardous one. For all that the declaration says, the bridge was perfectly safe and a proper handling of goods over it in no way endangered plaintiff. The real gist of the declaration is that the servant handling the goods on the bridge was an incompetent one and that his incompetency led to a negligent act on his part whereby plaintiff was injured. The declaration specifically avers the incompetency of this servant for the work in which he was employed. It also plainly avers that his incompetency caused the plaintiff's injury. It presents only a case of injury to plaintiff by a fellow-servant.

Plaintiff and the servant who injured him were fellow-servants, notwithstanding the allegation that they were engaged in different departments of the master's business. The so-called department rule does not prevail in this jurisdiction. *Knicely* v. *Railroad Co.,* 64 W. Va. 278; *Jackson* v. *N. & W. R. Co.,* 43 W. Va. 380. "The decided weight of authority is to the effect that all who serve the same master, work under the same control, deriving authority and compensation from the same source, and are engaged in the same general business, although it may be in different grades or departments of it, are fellow servants, each taking the risk of the other's negligence." 26 Cyc. 1282. Though plaintiff was only engaged in making repairs or improvements so that the business of the master in which the other servant was engaged might be promoted, yet they were in a common employment, servants in the same general business. Plaintiff, we may say, was employed in the repair or improvement department of the master's mercantile business, while the other servant was engaged in the sales department. But the grades or departments in which they were employed have nothing to do with a proper test as to whether they were fellow-servants. "It has been said that the most approved test of a common employment is whether the injured servant can be said to have apprehended the possibility of injury from another servant while engaged in the service for which he hires. It is not necessary that both be engaged in the same or even similar acts, so long as the risk of injury from the one is so much a natural and necessary consequence of the employment which the other accepts that it must be included in the risks which have to be considered in his wages." McKinney on Fellow-Servants, sec. 13. Is the negligence of the one likely to inflict injury on the other, when both are engaged by the same master in the promotion of the same general business? If so, they are fellow-servants and the master is not liable for injury of the one by the other, unless the offending one clearly stands as the representative of the master and is acting in relation to some duty incumbent on the master toward the injured servant. When plaintiff undertook employment to build a platform for the promotion of the master's business, did he not reasonably know that other servants would be en-

gaged near him in also promoting that business by acts and
duties different from his? Did he not assume the risk of in-
jury from the servants working in and about the store? He
could not reasonably suppose that all sales and shipments would
be stopped for his safety until he could complete the work he
was employed to do. Risk of injury from other servants in
handling goods was a necessary consequence of the employment
which plaintiff accepted when he undertook to build the plat-
form. That natural and necessary consequence defines plain-
tiff's employment as one of fellow-servancy with those working
directly at the mercantile business, when taken in connection
with the fact of a common master and the promotion of the
same general business. If employees operating trains are fel-
low-servants of track and bridge repairers or builders, and it is
well settled that they are, surely this platform builder is a
fellow-servant of the employees operating the defendant's
wholesale store.

The declaration, however, alleges that the servant that in-
jured plaintiff was an incompetent one and that the master
had notice of the incompetency. It is distinctly averred that
this incompetency caused the servant to be so negligent and
careless that he injured plaintiff. The master is liable for in-
jury to one servant by the incompetency of another, if the in-
jury occurs after the master has had notice of the incompe-
tency and has still retained the incompetent servant in his em-
ployment. This rule is elementary. But the point is made
that the declaration fails to state that plaintiff did not know
of the incompetency of the fellow-servant who injured him.
It is argued that the declaration does not state a cause of action
because it omits to charge that plaintiff was ignorant of the
incompetency while working with the fellow-servant. This ar-
gument is not tenable. That plaintiff knew of the incom-
petency and continued at the risk of it may be a good defense
on a trial, but a negative statement in this particular is not
necessary in the declaration. *Hoffman* v. *Dickinson,* 31 W.
Va. 142; 2 Labatt on Master and Servant, sec. 857. The
averments of this declaration relative to the incompetency of
the offending servant and the injury to plaintiff which that
servant inflicted by reason of his incompetency are entirely

sufficient. A cause of action against the master on this score is sufficiently stated.

A further objection made to the sufficiency of the declaration is that the pleading shows that the injury came to plaintiff by his own contributory negligence. It does not appear from the averments that plaintiff was negligent in working below the bridge. Neither that structure, nor the method by which goods were taken across it, is shown to be of a character that gave notice to plaintiff that he would be injured in the handling of goods over it. It does not plainly appear that plaintiff did that which a prudent man would not do. The declaration in this particular is not bad.

The judgment of the circuit court will be reversed, the demurrer overruled, and the case remanded.

*Reversed and Remanded.*