# CHARLESTON

## CHEEKS v. VIRGINIA-POCAHONTAS COAL CO.

Submitted June 17, 1914.   Decided June 23, 1914.

1. APPEAL AND ERROR—*Conflicting Evidence—Questions for Jury.*

   It is the peculiar province of the jury to determine issues arising from conflicting oral testimony given in their presence.   (p. 554).

2. SAME—*Harmless Error—Reception of Evidence.*

   The admission on a witness's cross-examination of a prior written statement made by him which, though put in on the theory of self contradiction, is consistent with what the witness stated in chief, can not be prejudicial to the party offering the witness even if improperly admitted.   (p. 554).

3. SAME—*Preservation of Grounds of Review—Exceptions—Instructions—Completeness.*

   A party can not, by merely excepting to an instruction which completely and soundly propounds the law as to a particular phase of the case, make it the foundation for an assignment of error because it is incomplete in an incidental reference to another phase, when it does not pretend specifically to propound the law in that regard and is neither misleading nor confusing. He must ask an instruction supplying the incompleteness.   (p. 556).

4. MASTER AND SERVANT—*Injuries to Servant—Safe Appliances.*

   The so-called mine foreman statute, Code 1913, ch. 15H, sec 24, does not absolve the mine owner or operator from the duty of exercising reasonable care to provide safe and suitable appliances, like a motor, for use in the mine.   (p. 557).

Error to Circuit Court, McDowell County.

Action by Carl Cheeks, by his next friend, against the Virginia-Pocahontas Coal Company.   Judgment for plaintiff, and defendant brings error.

<em>Affirmed.</em>

*W. B. Kegley* and *Anderson, Strother & Hughes,* for plaintiff in error.

*Ross & Kahle* and *Sanders & Crockett,* for defendant in error.

ROBINSON, JUDGE:

Plaintiff, a young man seventeen years old, was injured in one of defendant's mines.   Charging negligence on the part

of defendant, he has recovered a judgment in the sum of ten thousand dollars. . At the time of the injury he was acting as a brakeman on a motor which distributed cars in the mine. A defective step on the motor caused him to fall under the wheels. His leg was so injured that amputation was necessary.

In oral argument on this writ of error to the judgment, it was submitted on behalf of defendant that plaintiff had not been employed for the service; that a self-contradicting written statement of one. of defendant's witnesses was improperly admitted on the cross-examination of that witness; and that the single instruction given on behalf of plaintiff was erroneous by reason of an incomplete reference therein to the measure of damages.

(1) There is evidence warranting the jury in finding that plaintiff was in the employment of defendant at the time of the injury. We deem it of no practical use to go into a discussion of the conflicting testimony on this score. As the matter was presented it was peculiarly the province of the jury to say whether or not plaintiff had been employed or was only a volunteer.

(2) The admission on Witness Connor's cross-examination of a prior written statement made by him, plainly did not prejudice defendant. The statement, though evidently put in on the theory of self contradiction, contains virtually only what the witness had stated on the subject in chief. Even if the jury improperly looked to it as substantive evidence, as defendant submits they may have done, it only confirmed what defendant had proved by the witness. The substance and practical import of the prior statement of the witness is not different from that of his evidence before the jury. No juror would be so discriminating as to raise a distinction between the meaning of the one and the meaning of the other. The testimony of the witness and his prior statement are consistent with each other.

(3) The instruction about which complaint is made is as follows: "The court instructs the jury that it is the duty of the master to use reasonable and ordinary care in providing reasonably safe and suitable appliances for the use of the

employee in and about the work he was employed to do for the master, and to use reasonable and ordinary care in keeping the said appliances in reasonably safe condition, and that if they believe from the evidence that the master did not use ordinary care in providing reasonably safe and suitable appliances and did not use reasonable and ordinary care in keeping said appliances in reasonably safe condition, and that the plaintiff was injured by reason of the failure of the master to use such care in providing said appliances and failing to use such care in keeping such appliances in reasonably safe condition, and that the plaintiff did not contribute to his own injury, then they must find for the plaintiff and assess his damages at a sum commensurate with his injury, not exceeding twenty-five thousand dollars, if the jury further believe from the evidence that the plaintiff was employed by the defendant at the time he was injured as brakeman on its motor and was injured while in the discharge of his duties under such employment.'' It is clear that this instruction was meant only to propound the law as to the duty of the master toward the servant to use reasonable care in providing safe and suitable appliances to be used in the work, and as to the liability of the master for failure to observe that duty. It will be conceded that the instruction correctly propounds the law in that regard. But defendant submits that it does not define the measure of damages. Plainly it was not intended as an instruction on the measure of damages. Then do the words ''and assess his damages at a sum commensurate with his injury, not exceeding twenty-five thousand dollars,'' so vitiate the instruction as to call for a reversal because it was given? Those words indeed only state in general language what the jury has province to do in assessing damages. They do not say to the jury, as has been suggested, that the damage may be assessed at twenty-five thousand dollars. They tell the jury that the damages must be assessed in a sum commensurate with the injury, not exceeding the sum sued for. In other words, the jury are to proportion the sum to the injury proved. The language is intelligible to ordinary jurors. It can not be said to be misleading. Nor is there in this case any indication that the clause complained of in the instruc-

tion misled the jury into giving larger damages than the proof as to the extent of the injury warranted.

It is true that the instruction is not complete in defining the elements and measure of damages. But it does not pretend to cover that phase of the case. Its subject matter is the duty and liability of the master to the servant in regard to appliances for the work. The reference to damages is only incidental to a statement of the master's duty and liability. By the reference there is no pretense to give a definite instruction on the damages pertaining to the case. The subject matter of the instruction, as we have seen, is something else. As to that it is complete. Its incompleteness in a mere incidental reference to the damages did not make the giving of it erroneous. "An instruction need not cover all phases of the case. If it correctly states the law applicable to its subject-matter and is defective only in the sense of incompleteness, it may properly be given." *Jeager* v. *City Ry. Co.,* 78 S. E. 59.

Notwithstanding the incompleteness in the instruction, defendant sought the giving of no instruction that would have definitely directed the jury in the ascertainment of the damages. The opportunity was open to defendant to supply the omission if it deemed the same prejudicial in any way. In this particular the following is pertinent: "A party can not, by merely excepting to a charge, make it the foundation for an assignment of error, that it is indefinite or incomplete. The rule rests upon the soundest foundation. The facts of the case come to the mind of the judge as matters of first impression, and it will often be extremely difficult for him, in the short time allowed for a trial before a jury, and in the midst of such a trial, to prepare a series of instructions applicable to all the hypotheses presented by the evidence. On the other hand, counsel are presumed to have studied their case beforehand; to come to the court with a fair understanding of the facts which will probably be proved, and with a full knowledge of the law applicable to those facts. It is, therefore, their duty to give attention to the charge of the judge, and if, in their opinion, it omits to give direction as to the law applicable to any essential feature of the evidence, to call his attention to the omission and to request appropriate suppletory

instructions; and where they fail thus to call his attention to something which he may fairly be supposed to have omitted from inadvertence, they ought not to be allowed to complain of the omission in an appellate court. A rule which would allow them to do so would be extremely inconvenient. It would multiply new trials and reversals, and often on grounds which have no connection whatever with the merits.'' 2 Thompson on Trials, (2nd ed.), sec. 2341.

We must not be understood as sanctioning the embodying in · an instruction on a particular phase of the case unnecessary and incidental references to other phases, couched only in general terms that may confuse or mislead. We simply hold that the words in relation to damages in the instruction under consideration were not confusing and misleading, and that the mere omission in the instruction to set forth definitely the law pertaining to the ascertainment of the damages does not call for reversal, the court not having been called on to cure the omission by an instruction for defendant.

(4)   It is submitted in defendant's brief that the negligence charged was that of the mine foreman, and that under the statute defendant is not responsible therefor. The so-called mine foreman statute, Code 1913, Ch. 15H, sec. 24, does not absolve the mine owner or operator from the duty of exercising reasonable care to provide safe and suitable appliances for use in the mine, like a motor for the hauling of cars. We are by no means disposed to carry the construction of this statute beyond its terms. *Humphreys* v. *Coal & Coke Co.,* 80 S. E. 803; *Mitchell* v. *Coal & Coke Co.,* 67 W. Va. 480.

Error is assigned in the admission of evidence. Thorough review and consideration on this line leads us to say that nothing prejudicial appears.

The motion to set aside the verdict was rightly overruled. As a distinguished former member of this court, still much revered, was wont to say, there has been ''a fair trial on the whole case.'' The judgment will be affirmed:

*Affirmed.* ·