# CHARLESTON.

### HARMAN v. THE NEW RIVER & POCAHONTAS CONSOLIDATED COAL Co.

Submitted March 7, 1916.   Decided March 28, 1916.

1. MASTER AND SERVANT—*Injury to Servant—Declaration—Sufficiency Against Demurrer.*

   In an action for personal injuries, if the declaration, as in this case, sufficiently states the relationship of master and servant, the duties of the former to the latter, and the breach of those duties by defendant, this is all that is required, and the declaration will be treated as good on demurrer. (p. 65).

78 W. Va.

2. PLEADING—*Declaration—Evidential Facts.*

    In such cases the declaration need not set out the evidential facts upon which the rights of the parties may depend, and which may be developed on the trial. (p. 65).

Error to Circuit Court, McDowell County.

Action by John B. Harman against the New River & Pocahontas Consolidated Coal Company. Judgment for the defendant, and plaintiff brings error.

*Reversed, demurrer overruled, and case remanded.*

*Arthur G. Froe* and *Harry J. Capehart,* for plaintiff in error.

*Chapman, Perry & Buchanan* and *Anderson, Strother, Hughes & Curd,* for defendant in error.

MILLER, JUDGE:

Plaintiff, an infant, sued defendant for damages for personal injuries sustained while employed on the coal tipple at defendant's mine in McDowell County.

The errors in the judgments of which he complains are, first, that the court below sustained defendant's demurrer to his original declaration; and second, refused to allow him to file an amended declaration, and entered judgment of nil capiat for defendant.

The original declaration is in two counts. The first count, after alleging defendant's ownership of said coal mine and tipple, and the character and manner of operating said tipple, avers that some time prior to sustaining the injuries complained of plaintiff was employed by defendant "to walk along the platform by the side of each mine car while the same was running at slow speed, after the same had been uncoupled from the train of mine cars, and unloosen the fastening on the front of said car, so that the coal therein would be emptied from the car when it reached the dump," and that being so employed, and while engaged in the performance of his duties, "defendant negligently left a small hole or op͡ ing between the platform and the iron rail of the track on the said tipple where he was engaged in work, which hole, or

opening, by ordinary care on his part could not be seen;'' that it became and was the duty of defendant to use due and reasonable care to provide plaintiff with a reasonably safe place to work and to provide reasonably safe and suitable machinery and appliances with which to work, and also to use like reasonable care and diligence in seeing ''that each mine car, car brake, trestle, platform, road bed, tramway and each, all and every part thereof should be safe, sound and sufficient.'' And the breach of these duties is also specifically averred, in that defendant ''wilfully, wrongfully, negligently and knowingly ordered said plaintiff to work on the trestle or platform as aforesaid, without having covered said hole,'' and ''without having warned the plaintiff of the danger that would arise or likely to arise, and the way to avoid the same,'' and that ''by reason of the negligence of the defendant, hereinbefore mentioned, plaintiff while working as aforesaid, without fault on his part, stepped his foot into the said hole, and being unable to extricate the same, a mine car ran over his leg, cutting, wounding, bruising, and otherwise injuring him,'' and for which injuries he lays his damages at six thousand dollars.

The second count is substantially like the first, except that in addition to the duties and the breach of the duties alleged in the first count, it is further alleged that defendant permitted the brakes on the said mine cars to become weak, worn and insufficient to stop said cars when in motion, and which plaintiff by ordinary care on his part could not discover, and ''without having warned the plaintiff the dangers that would arise from the weak, worn out and insufficient condition of the brakes on said cars, * * * and the way to avoid the same,'' and whereby he sustained his injuries as alleged in the first count.

While these counts of the original declaration may not state the facts constituting the several causes of action in the most logical order, or with reference to the best rhetoric, we think they sufficiently state the relationship of master and servant, the duties of the former to the latter, an infant, and the breach of those duties by defendant, to constitute good causes of action. According to our decisions that is all that is re-

quired in such cases. *Yates* v. *Crozer Coal & Coke Co.*, 76 W. Va. 50, 84 S. E. 626; *Giebell* v. *The Collins Co.*, 54 W. Va. 518, 520; *Bralley* v. *Norfolk & Western Ry. Co.*, 66 W. Va. 462.

To support the judgment defendant's counsel cite and rely on *Priddy* v. *Coal Co.*, 64 W. Va. 242; *Seldomridge* v. *C. & O. Ry. Co.*, 46 W. Va. 568; and *Giebell* v. *The Collins Co., supra.* The latter case certainly does not support them on the question of the sufficiency of the pleadings. The proposition of these cases relied on was applied to the facts developed on the trial, and not to the pleadings. In *Priddy* v. *Coal Co.*, we decided, first point of the syllabus, that: '' When an employe willfully encounters danger known to him, or patent and open to be seen and known, he cannot recover damages from his employer for injury therefrom.'' While this is good law, the facts upon which the proposition rests are completely negatived by the averments of the declaration in the case at bar; and the demurrer admitting the facts well pleaded to be true, how can the court say on demurrer that a good cause of action is not pleaded? We can not do so. In our opinion the circuit court was right in the first instance when it overruled the demurrer, and erred when by its subsequent order it reversed its judgment and sustained the demurrer to the declaration and to each count thereof.

On the amended declaration, if the court's rulings on the original declaration had been correct, we would not, we think, be disposed to say that there was error in refusing to set aside the judgment on the original declaration, and permit the amended declaration to be filed. Twice the court granted plaintiff leave to amend within a time specified, which was not done; and it was not until after default in the last instance, and judgment for defendant, that the court declined to set aside its judgment and permit the filing of the amended declaration. Of course when the case goes back and is re-instated on the trial docket, plaintiff will be entitled to amend his declaration in accordance with the usual rules of practice obtaining in such cases. As the circuit court did not permit the amended declaration to be filed, and has not passed upon the

sufficiency of that pleading it would not, we think, be proper for us at this time to pass judgment thereon.

Our conclusion is to reverse the judgment, overrule the demurrer to the original declaration and to each count thereof, and to remand the case to the circuit court to be therein further proceeded with in accordance with the principles herein enunciated, and further according to law.

*Reversed, demurrer overruled and case remanded.*